IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

JUSTIN DAVID LEE, #299013,       )
                                 )
        Plaintiff,               )
                                 )
v.                               )        CASE NO. 1:15-CV-88-SRW
                                 )              [WO]
                                 )
GENEVA COUNTY JAIL and           )
CARL ROWE,                       )
                                 )
        Defendants.              )

# MEMORANDUM OPINION AND ORDER

## I.  INTRODUCTION

In this 42 U.S.C. § 1983 action, Justin David Lee ("Lee"), a former county inmate, alleges that he was denied access to the law library while confined at the Geneva County Jail. *Complaint - Doc. No. 1* at 2-3.  Specifically, Lee asserts that he sought access to the law library so that he could study the law relevant to the criminal charges lodged against him for various sexual offenses. *Id*. at 3.[1]  Lee seeks his release from incarceration, *id*. at 4,[2] and monetary damages. *Amendment to the Complaint - Doc. No. 14* at 1.

---

[1] The Circuit Court of Geneva County, Alabama imposed convictions upon Lee for an offense against public health/morals, incest, first degree rape and two counts of first degree sodomy and sentenced him to imprisonment for these convictions. *See http://www.doc.state.al.us.*  Lee is now incarcerated in the custody of the Alabama Department of Corrections at the Easterling Correctional Facility pursuant to these convictions. *Id*.

[2] Release from confinement is not relief available in a 42 U.S.C. § 1983 action as "habeas corpus is the exclusive remedy for a ... prisoner who challenges" the basis for his confinement and requests release therefrom. *Heck v. Humphrey,* 512 U.S. 477, 481 (1994); *Edwards v. Balisok,* 520 U.S. 641, 645 (1997) (The "sole remedy in federal court" for a prisoner seeking release due to the asserted invalidity of his confinement is a petition for writ of habeas corpus.).

The defendants filed a special report and supporting evidentiary materials addressing Lee's claim for relief.  In these documents, the defendants argue that this case is due to be dismissed because, prior to filing this cause of action, Lee failed to exhaust an administrative remedy available to him at the Geneva County Jail with respect to the claim presented in the complaint. *Defendants' Special Report - Doc. No. 28* at 3-6. The defendants base their exhaustion defense on the plaintiff's failure to file a grievance regarding his alleged lack of access to the law library. *Id*.; *Defendants' Exhibit C (Aff. of Carl Rowe) - Doc. No. 28-3* at 3-4.

On July 9, 2015, the court provided Lee an opportunity to file a response to the defendants' report in which he was advised to address "the defendants' assertion that ... his claims are due to be dismissed because he failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a)" prior to filing this federal civil action. *Doc. No. 30* at 1 (footnote omitted). Lee filed no response to this order within the time allotted by the court.

"[A]n exhaustion defense ... is not ordinarily the proper subject for a summary judgment [motion]; instead, it should be raised in a motion to dismiss, or be treated as such if raised in a motion for summary judgment." *Bryant v. Rich*, 530 F.3d 1368, 1374-1375 (11th Cir. 2008) (internal quotations omitted); *Trias v. Florida Dept. of Corrections*, 587 Fed. Appx. 531, 534 (11th Cir. 2014) (District court properly construed defendant's "motion for summary judgment as a motion to dismiss for failure to exhaust administrative

remedies...."). Therefore, the court will treat the defendants' report as a motion to dismiss.

## II.  STANDARD OF REVIEW

In addressing the requirements of 42 U.S.C. § 1997e with respect to exhaustion, the

Eleventh Circuit has

> recognized that "[t]he plain language of th[is] statute makes exhaustion a
> precondition to filing an action in federal court." *Higginbottom v. Carter,*
> 223 F.3d 1259, 1261 (11th Cir. 2000) (per curiam) (quoting *Freeman v.
> Francis,* 196 F.3d 641, 643-44 (6th Cir. 1999)). This means that "until such
> administrative remedies as are available are exhausted," a prisoner is
> precluded from filing suit in federal court. *See id.* (affirming dismissal of
> prisoner's civil rights suit for failure to satisfy the mandatory exhaustion
> requirements of the PLRA); *Harris v. Garner,* 190 F.3d 1279, 1286 (11th
> Cir. 1999) ("reaffirm[ing] that section 1997e(a) imposes a mandatory
> requirement on prisoners seeking judicial relief to exhaust their
> administrative remedies" before filing suit in federal court), *modified on
> other grounds,* 216 F.3d 970 (11th Cir. 2000) (en banc); *Miller v. Tanner,*
> 196 F.3d 1190, 1193 (11th Cir. 1999) (holding that under the PLRA's
> amendments to § 1997e(a), "[a]n inmate incarcerated in a state prison ... must
> first comply with the grievance procedures established by the state
> department of corrections before filing a federal lawsuit under section
> 1983"); *Harper v. Jenkin,* 179 F.3d 1311, 1312 (11th Cir. 1999) (per curiam)
> (affirming dismissal of prisoner's civil suit for failure to satisfy the
> mandatory exhaustion requirements of § 1997e(a)); *Alexander v. Hawk,* 159
> F.3d 1321, 1328 (11th Cir. 1998) (affirming dismissal of prisoner's *Bivens*
> action under § 1997e(a) for failure to exhaust administrative remedies prior
> to filing suit in federal court).

*Leal v. Georgia Dept. of Corrections*, 254 F.3d 1276, 1279 (11th Cir. 2001). The Court has

therefore determined that "the question of exhaustion under the PLRA [is] a 'threshold

matter' that [federal courts must] address before considering the merits of the case.

*Chandler v. Crosby*, 379 F.3d 1278, 1286 (11th Cir. 2004). Because exhaustion is

mandated by the statute, [a court has] no discretion to waive this requirement. *Alexander v. Hawk*, 159 F.3d 1321, 1325-26 (11th Cir. 1998)." *Myles v. Miami-Dade County Correctional and Rehabilitation Dept.*, 476 Fed. Appx. 364, 366 (11th Cir. 2012). Based on the foregoing, the court will "resolve this issue first." *Id.*

"When deciding whether a prisoner has exhausted his remedies, the court should first consider the plaintiff's and the defendants' versions of the facts, and if they conflict, take the plaintiff's version of the facts as true. 'If in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed.' *Turner v. Burnside,* 541 F.3d 1077, 1082 (11th Cir.2008) (citing *Bryant,* 530 F.3d at 1373–74). If the complaint is not subject to dismissal at this step, then the court should make 'specific findings in order to resolve the disputed factual issues related to exhaustion.' *Id.* (citing *Bryant,* 530 F.3d at 1373-74, 1376)." *Myles*, 476 Fed. Appx. at 366. Consequently, a district court "may resolve disputed factual issues where necessary to the disposition of a motion to dismiss for failure to exhaust [without a hearing]. *See* [*Turner*, 541 F.3d at 1082]. The judge properly may consider facts outside of the pleadings to resolve a factual dispute as to exhaustion where doing so does not decide the merits, and the parties have a sufficient opportunity to develop the record. *Bryant*, 530 F.3d at 1376." *Trias*, 587 Fed. Appx. at 535. Based on the foregoing, the Eleventh Circuit specifically rejected the argument that "disputed facts as to exhaustion should be decided by a jury." *Id*. at 3.

4

Upon review of the complaint, the defendants' special report and the evidentiary materials filed in support thereof, the court concludes that the defendants' motion to dismiss is due to be granted.

### III.  DISCUSSION

Lee challenges his lack of access to the law library during a prior term of confinement at the Geneva County Jail.  In response to the complaint, the defendants assert that this case is subject to dismissal because Lee failed to exhaust the administrative remedy provided at the Geneva County Jail prior to filing this complaint as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a).

The Prison Litigation Reform Act compels exhaustion of available administrative remedies before a prisoner can seek relief in federal court on a § 1983 complaint. Specifically, 42 U.S.C. § 1997e(a) states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  "Congress has provided in § 1997(e)(a) that an inmate must exhaust irrespective of the forms of relief sought and offered through administrative remedies." *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001).  "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Exhaustion of all available

5

administrative remedies is a precondition to litigation and a federal court cannot waive the exhaustion requirement. *Booth*, 532 U.S. at 741; *Alexander v. Hawk*, 159 F.3d 1321, 1325 (11th Cir. 1998); *Woodford v. Ngo*, 548 U.S. 81, 126 S.Ct. 2378 (2006). Moreover, "the PLRA exhaustion requirement requires ***proper exhaustion***." *Woodford*, 548 U.S. at 93, 126 S.Ct. at 2387 (emphasis added). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules [as a precondition to filing suit in federal court] because no adjudicative system can function effectively without imposing some orderly structure on the courts of its proceedings.... Construing § 1997e(a) to require proper exhaustion ... fits with the general scheme of the PLRA, whereas [a contrary] interpretation [allowing an inmate to bring suit in federal court once administrative remedies are no longer available] would turn that provision into a largely useless appendage." 548 U.S. at 90-91, 93, 126 S.Ct. at 2386-2387. The Supreme Court reasoned that because proper exhaustion of administrative remedies is necessary an inmate cannot "satisfy the Prison Litigation Reform Act's exhaustion requirement ... by filing an untimely or otherwise procedurally defective administrative grievance or appeal[,]" or by effectively bypassing the administrative process simply by waiting until the grievance procedure is no longer available to her. 548 U.S. at 83-84, 126 S.Ct. at 2382; *Bryant*, 530 F3d at 1378 ("To exhaust administrative remedies in accordance with the PLRA, prisoners must "properly take each step within the administrative process."); *Johnson v. Meadows*, 418 F.3d 1152, 1157 (11th Cir. 2005) (inmate who files an untimely grievance or simply spurns the

6

administrative process until it is no longer available fails to satisfy the exhaustion requirement of the PLRA); *Higginbottom*, 223 F.3d at 1261 (inmate's belief that administrative procedures are futile or needless does not excuse the exhaustion requirement).  "***The only facts pertinent to determining whether a prisoner has satisfied the PLRA's exhaustion requirement are those that existed when he filed his original complaint***." *Smith v. Terry*, 491 Fed. Appx. 81, 83 (11th Cir. 2012) (per curiam) (emphasis added).

It is undisputed that the Geneva County Jail provides an administrative remedy for inmate complaints in the form of an inmate grievance procedure.  *Defendants' Exhibit D - Doc. No. 28-4* at 2.  The grievance procedure allows an inmate to submit grievances to the Jail Administrator with respect to matters/conditions which occur during his confinement in the jail.  *Id.*  The grievance procedure provides that an "inmate shall be allowed to file a grievance at such time as the inmate believes that he/she has been subjected to abuse, harassment, violation of civil rights, or denied privileges allowed to inmates in the Geneva County Jail." *Id.* "Completed grievance[] forms will be delivered to the Jail Administrator who will respond to the grievance.  The grievance response to the inmate will be in writing. The decision of the Jail Administrator may be appealed to the Sheriff with[in] seventy-two (72) hours of the receipt of the grievance Decision." *Id.* (paragraph numbering omitted).

The evidentiary materials filed by the defendants demonstrate that Lee failed to exhaust the administrative grievance procedure available at the Geneva County Jail.

7

Specifically, Lee did not file a grievance regarding the claim made the basis of the instant complaint prior to filing this case.  Lee does not dispute his failure to submit a grievance addressing his lack of access to the law library.

Based on the evidence contained in the record, the court finds that Lee failed to exhaust the grievance procedure provided at the Geneva County Jail.  Specifically, Lee did not file a grievance in accordance with the jail's grievance procedure and has presented nothing to justify his failure to exhaust this administrative remedy.  It is likewise clear that access to the grievance procedure ceased prior to the filing of this case and the administrative remedy provided by the defendants is no longer available to Lee.  Under these circumstances, dismissal with prejudice is appropriate.  *Bryant*, 530 F.3d at 1375 n.1; *Johnson*, 418 F.3d at 1157; *Marsh v. Jones*, 53 F.3d 707, 710 (5th Cir. 1995) ("Without the prospect of a dismissal with prejudice, a prisoner could evade the exhaustion requirement by filing no administrative grievance or by intentionally filing an untimely one, thereby foreclosing administrative remedies and gaining access to a federal forum without exhausting administrative remedies."); *Berry v. Kerik*, 366 F.3d 85, 88 (2nd Cir. 2004) (footnotes omitted) (inmate's "federal lawsuits ... properly dismissed with prejudice" where previously available administrative remedies had become unavailable).

## IV.  CONCLUSION

For the foregoing reasons, it is ORDERED and ADJUDGED that:

1.  The defendants' motion to dismiss be GRANTED to the extent the defendants

seek dismissal of this case due to the plaintiff's failure to properly exhaust an administrative remedy available to him at the Geneva County Jail prior to initiating this cause of action.

2.  This case be dismissed with prejudice in accordance with the provisions of 42 U.S.C. § 1997e(a) for the plaintiff's failure to properly exhaust an administrative remedy previously available to him at the Geneva County Jail.

3.  No costs be taxed herein.

A separate Final Judgment will accompany this memorandum opinion.

DONE, this 12th day of August, 2015.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE